UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

KEITH HEYWARD,

                                   Plaintiff,

        -against-

CITY OF NEW YORK, JOHN FANIZZI, Individually,
ANDREW HILLERY, Individually, RANDALL LITRELL,
Individually, MARTIN COSTELLO, Individually,
MATTHEW MITCHELL, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                   Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

12 CV 5783 (BMC)

<u>Jury Trial Demanded</u>

Plaintiff KEITH HEYWARD, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

### **JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff KEITH HEYWARD is a twenty-six year old African American man who resides in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants JOHN FANIZZI, ANDREW HILLERY, RANDALL LITRELL, MARTIN COSTELLO, MATTHEW MITCHELL, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.   Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.   This action arises from the defendants' custom, policy and practice of racial profiling and harassment resulting in the successive violations of plaintiff's civil rights on August 25, 2011 and September 14, 2011.

**Incident One**

13.   On August 25, 2011, at approximately 7:30 p.m., plaintiff was the front seat passenger in a motor vehicle traveling on Morningstar Road, Staten Island, New York, when the defendant officers JOHN FANIZZI and RANDALL LITRELL stopped the vehicle in front of 62 Morningstar Road, Staten Island, New York.

14.   The officers ordered everyone out of the vehicle.

15.   The officers, without cause or justification, searched plaintiff by patting him down and searching inside of his pockets.

16.   The officers did not recover any contraband from plaintiff's person or from inside said vehicle.

17.   At some point during the above incident, defendant ANDREW HILLERY, an NYPD supervisor who held the rank of sergeant, and who was responsible for, among other things, training and supervising his subordinate officers, arrived on scene and authorized the false arrest of plaintiff, who was handcuffed, arrested, and transported to the 120th Police Precinct stationhouse.

3

18.     The defendant officers continued to imprison plaintiff until his arraignment in Richmond County Criminal Court on baseless charges filed under docket number 2011RI007883; said charges having been filed based on the false allegations of defendant JOHN FANIZZI. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

19.     As a result of the defendants' false statements, the presiding judge at plaintiff's arraignment set bail, and plaintiff was thereafter transported to Rikers Island and imprisoned until his next court date on August 31, 2011.

20.     On August 31, 2011, all the purported charges filed against plaintiff based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

21.     Defendant ANDREW HILLERY, an NYPD Sergeant, supervised defendants JOHN FANIZZI, RANDALL LITRELL, and JOHN and JANE DOE 1 through 5, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

22.     Defendants ANDREW HILLERY, JOHN FANIZZI, RANDALL LITRELL, and JOHN and JANE DOE 1 through 5 either directly participated in and/or failed to intervene in the illegal conduct described herein.

**Incident Two**

23.     On September 14, 2011, at approximately 6:30 p.m., plaintiff was lawfully present in front of 65 Holland Avenue, Staten Island, New York, when the defendant officers, including but not limited to, defendants MARTIN COSTELLO and MATTHEW MITCHELL, stopped, detained and arrested plaintiff.

4

24.     The defendant officers arrested plaintiff despite lacking probable cause to believe that plaintiff had committed a crime or offense.

25.     The defendant officers imprisoned plaintiff in a NYPD vehicle and transported plaintiff to the 120th Police precinct and imprisoned him therein under arrest No. S11610365-K.

26.     The defendant officers imprisoned plaintiff until September 15, 2011, at approximately 12:00 p.m., when they released plaintiff after the Richmond County District Attorneys' Office reviewed plaintiff's arrest and declined to prosecute plaintiff.

27.     Defendant MATTHEW MITCHELL, an NYPD Sergeant, supervised defendants MARTIN COSTELLO and JOHN and JANE DOE 6 through 10, and approved of, oversaw, and otherwise participated in the arrest and unlawful imprisonment of the plaintiff.

28.     Defendants MARTIN COSTELLO, MATTHEW MITCHELL, and JOHN and JANE DOE 6 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein.

**As to Both Incidents**

29.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and pursuant to a *de facto* policy, custom or practice of falsification.

30.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the investigation of incidents, the requirements

necessary to stop, detain, search, and arrest individuals, and that many NYPD officers, including the defendants, engage in a practice of falsification.

31.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

32.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33.    As a result of the foregoing, plaintiff KEITH HEYWARD sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

34.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36.    All of the aforementioned acts deprived plaintiff KEITH HEYWARD, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United

6

States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants arrested plaintiff KEITH HEYWARD without probable cause, causing him to be detained against his will for extended periods of time and subjected him to physical restraints on August 25, 2011 and September 14, 2011.

7

43.     Defendants caused plaintiff KEITH HEYWARD to be falsely arrested and unlawfully imprisoned on each of the dates described above.

44.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     With regard to the August 25, 2011 incident, the defendants initiated, commenced, and continued a malicious prosecution against plaintiff KEITH HEYWARD.

47.     Defendants caused plaintiff KEITH HEYWARD to be prosecuted without any probable cause until the charges were dismissed.

48.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants issued criminal process against plaintiff KEITH HEYWARD by causing his arrest and prosecution in Richmond County Criminal Court following his arrest on

8

August 25, 2011.

51.     Defendants caused plaintiff KEITH HEYWARD to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

52.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

53.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     The defendants falsely arrested and maliciously prosecuted plaintiff KEITH HEYWARD because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

55.     As a result of the foregoing, plaintiff KEITH HEYWARD was deprived of his rights under the Equal Protection Clause of the United States Constitution on both of the above described dates.

56.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

59.     As a result of the foregoing, plaintiff KEITH HEYWARD was deprived of his liberty and right to substantive due process on both of the above described dates, causing emotional and physical injuries.

60.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants had an affirmative duty to intervene on behalf of plaintiff KEITH HEYWARD, whose constitutional rights were being violated in their presence by other officers, on August 25, 2011 and September 14, 2011.

63.     The defendants failed to intervene to prevent the unlawful conduct described herein.

64.     As a result of the foregoing, plaintiff KEITH HEYWARD'S liberty was restricted

10

for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

65.    As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

66.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.    The supervisory defendants personally caused plaintiff's constitutional injuries on both of the above mentioned dates by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

68.    As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

69.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

11

71.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals, and/or for other collateral objectives, such as overtime compensation and/or to meet quotas; engaging in racial profiling and/or racially motivated stops; and, a policy of falsification.

72.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff KEITH HEYWARD'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KEITH HEYWARD.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KEITH HEYWARD as alleged herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KEITH HEYWARD as alleged herein.

76.     As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KEITH HEYWARD was unlawfully arrested, illegally searched, and maliciously prosecuted.

77.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KEITH HEYWARD'S constitutional rights.

78.     All of the foregoing acts by defendants deprived plaintiff KEITH HEYWARD of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from the failure to intervene;

        D.     To be free from malicious prosecution;

        E.     To be free from malicious abuse of process; and

        F.     To receive equal protection under law.

79.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

13

82.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

83.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

84.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

85.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.    Defendants arrested plaintiff KEITH HEYWARD without probable cause on August 25, 2011 and September 14, 2011.

87.    Plaintiff was detained against his will for extended periods of time and subjected to physical restraints.

88.    As a result of the aforementioned conduct, plaintiff KEITH HEYWARD was unlawfully imprisoned in violation of the laws of the State of New York.

89.    As a result of the aforementioned conduct, plaintiff KEITH HEYWARD suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

90.    As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

14

attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     As a result of the foregoing, plaintiff KEITH HEYWARD was placed in apprehension of imminent harmful and offensive bodily contact August 25, 2011 and September 14, 2011.

93.     As a result of defendant's conduct, plaintiff KEITH HEYWARD has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Defendants made offensive contact with plaintiff KEITH HEYWARD without privilege or consent on August 25, 2011 and September 14, 2011.

97.     As a result of defendants' conduct, plaintiff KEITH HEYWARD has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

15

98.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

99.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    With regard to the August 25, 2011 incident, the defendants initiated, commenced, and continued malicious prosecutions against plaintiff KEITH HEYWARD.

101.    Defendants caused plaintiff KEITH HEYWARD to be prosecuted without probable cause until the charges were dismissed.

102.    As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

103.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Defendants issued criminal process against plaintiff KEITH HEYWARD by causing him to be arrested, arraigned and prosecuted in criminal court following the August 25, 2011 arrest.

16

105.    Defendants caused plaintiff KEITH HEYWARD to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

106.    As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

109.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

110.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

111.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KEITH HEYWARD.

112.    As a result of the aforementioned conduct, plaintiff KEITH HEYWARD suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom as a result of both incidents described herein.

17

113.   As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

114.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrests and prosecutions of plaintiff KEITH HEYWARD.

116.   Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

117.   As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

118.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.   Upon information and belief the defendant CITY OF NEW YORK failed to use

18

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests and/or prosecutions of plaintiff KEITH HEYWARD.

120.   As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

121.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

123.   As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

124.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

126.    As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
#### (Violation of N.Y.S. Constitution Article 1 §11)

127.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    As a result of defendants' conduct, plaintiff KEITH HEYWARD was deprived of his right to equal protection of laws.

129.    As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
#### (Violation of N.Y.S. Constitution Article 1 §12)

130.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    As a result of defendants' conduct, plaintiff KEITH HEYWARD was deprived of

20

his right to security against unreasonable searches, seizures, and interceptions.

132.   As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KEITH HEYWARD demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
February 28, 2013

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff KEITH HEYWARD
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By:   _____
> BRETT H. KLEIN (BK4744)

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

KEITH HEYWARD,

                                        Plaintiff,

            -against-                                           12 CV 5783 (BMC)

CITY OF NEW YORK, JOHN FANIZZI, Individually,
ANDREW HILLERY, Individually, RANDALL LITRELL,
Individually, MARTIN COSTELLO, Individually,
MATTHEW MITCHELL, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100